# Bane, Appellant, *v.* Pittsburgh Railways Co.

*Negligence—Street railways—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries the case is for the jury where it appears that the plaintiff was driving about 11 o'clock at night along a public street in a borough upon which the defendant company operated its street car line; that in order to enter upon another street upon which it was his purpose to travel it was necessary for him to cross over the defendant's tracks; that the car that struck him came from the east, the direction in which he had been driving and from the point where the accident occurred eastward there was an unobstructed view of between 300 and 400 feet to the summit of the hill from which the car had to make the approach; that the negligence charged to the defendant was an undue and unsafe rate of speed and failure to give signal of approach, and the plaintiff testifies that before attempting the crossing he had looked but saw no car although the car when it struck him had its head light burning and interior lighted.

Argued October 16, 1912. Appeal, No. 126, Oct. T., 1912, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1910, No. 20, on verdict for the defendant in case of Robert M. Bane v. Pittsburgh Railways Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MCILVAINE, P. J.

The opinion of the Supreme Court states the case.

Verdict for the defendant by direction of the court and judgment thereon.   Plaintiff appealed.

*Error assigned* was in directing verdict for the defendant.

*John C. Bane,* with him *Rufus S. Marriner,* for appellant.

*John H. Murdoch,* with him *Edgar B. Murdoch,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1913:

If the facts were as stated by the learned trial judge in his charge directing a verdict for the defendant, no other conclusion would be possible than that the plaintiff's injuries were the penalty he paid for his own negligence.   As we read the evidence, however, it fails to support what we regard as a most material averment of fact in that connection.   The plaintiff was driving about 11 o'clock at night along a public street in the Borough of Washington upon which the defendant company operated its street car line; in order to enter upon another street, North avenue, upon which it was his purpose to travel, it was necessary for him to cross over the defendant's tracks; the car that struck him came from the east, the direction in which he had been driving, and from the point where the accident occurred eastward there was an unobstructed view of between 300 and 400 feet to the summit of the hill from which the car had to make the approach, the evidence leaving the exact distance of view debatable, but it could not have exceeded four hundred feet and plaintiff contends that it was less.   The negligence charged to the defendant was an undue and unsafe rate of speed, and failure to give signal of approach.   The plaintiff testified that before attempting the crossing he had looked but saw

no car, although the car when it struck him had its headlight burning and the interior of the car was lighted. Until the car had nearly reached the summit of the hill from which it was advancing it would not be visible to one in plaintiff's position at the time. Whether the plaintiff, had he looked as he said he did, and as his duty required, must have seen the car before he attempted the crossing was a matter to be determined from all the evidence in the case, depending especially upon the rate of speed at which the car was moving. If at the excessive rate of speed which plaintiff's counsel argues may be derived from the distance which the car traveled after the collision and before its movement was arrested, but a few seconds would be required for it to reach the place of collision from the summit of the hill over which it had to cross. It could hardly be said that from such circumstances a necessary inference resulted that plaintiff had not looked before attempting crossing as he testified. When, with respect to the position of the car, did he attempt to cross? If, as stated by the trial judge, when he saw the car only two lengths away moving with great speed towards him, his negligence would not be open to dispute. We quote from the charge: "A street car was coming down a steep grade on Beau street to the mouth of North avenue; it had on a headlight and it was lighted inside and it was coming at a good rate of speed down that grade. He, driving his horse at the south side of Beau street, within a very few feet,—four or five feet—of the south rail of that track, suddenly turned his horse around and started to cross the track and go up North avenue, the head of his horse being on the track when the car was not more than two lengths distant according to his own testimony, and of course attempting to cross the track when that car was so close resulted in him getting the horse across but not the buggy, and in the buggy being struck. That clearly was negligence on his part taking it for granted that he saw as he said he did, that car only two

lengths away; his horse had just merely got over the track when struck; and when he saw it two lengths away before he turned,—going at the gait he was driving—would only be a second before, but the car would be three or four feet up above when he first saw it, if he had looked ahead before he reached the crossing. Now, if he saw the car all the time that it could be seen, why it was negligence to undertake to cross in front of it, and it certainly was negligence to undertake to cross the track when the car was as close as he says it was when he drew the horse on the track. Now how did his horse get there? And was he guilty of any exercise of ordinary care, in driving his horse there so that it would be on the track when the car was only two lengths away?"

We find it impossible to derive from the plaintiff's evidence the facts upon which the court's conclusions are here predicated. It nowhere appears that plaintiff suddenly turned his horse around and tried to cross the tracks; he does not say that the head of his horse was on the track when he saw the car two lengths away, but testifies that the horse was on the tracks with his feet; nor does he say that he saw the car two lengths away "before he turned," but he does say that he saw it two lengths away "just as the horse was upon the track" and that was when he first saw it. The court treated the case as though it were one where the accident occurred because of the party attempting suddenly to cross a track in front of a car which he saw was only two lengths from him, and rapidly approaching. We find nothing in plaintiff's testimony to support this view. The plaintiff may have been guilty of contributory negligence, and from all the evidence in the case, a jury might perhaps well find that the accident occurred in the way indicated by the court, but it was not for the court to direct them to do so.

The assignment of error is sustained and judgment is reversed with a venire facias de novo.